FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   APR 26 2010   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
JACOB KLEIN on behalf of himself
and all others similarly situated

               Plaintiff,

       -against-

HAROLD E. SCHERR D/B/A
LAW OFFICES OF HAROLD E. SCHERR, P.A.

           Defendant.
------------------------------------------------------------

**CV 10 1858**

**CLASS ACTION COMPLAINT**

JOHNSON.

GOLD, M.

### Introduction

1. Plaintiff Jacob Klein seeks redress for the illegal practices of Harold Scherr d/b/a Law Offices of Harold E. Scherr, P.A. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to CACH, LLC.

4. Upon information and belief, defendant is a professional association and law firm with its principal place of business located in Lake Mary, Florida.

-1-

5.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.   This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### Allegations Particular to Jacob Klein

9.   Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10.  Upon information and belief, on or about February 22, 2010 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes where the present creditor purportedly is CACH, LLC.

11.  According to the plaintiff's recollection and records, the February 22, 2010 letter is the initial letter which the plaintiff received from the defendant.

12.  Within five days of receipt of the February 22, 2010 collection letter, the first letter actually received by the plaintiff, the defendant did not provide the plaintiff with the thirty day rights to dispute the debt and seek verification thereof.

-2-

13.   The defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692g and 1692e(10) for failing to provide the mandatory dispute rights and for engaging in deceptive practices.

14.   The defendant sent the above referenced letter to the plaintiff which was mass produced and computer generated allegedly from defendant.

15.   That a mass-produced computer generated letter bearing a facsimile or stamped signature was forwarded to the plaintiff.

16.   Upon information and belief, that said letter was a mass-produced, computer generated letter, and was designed to give the impression that said letter was forwarded by an attorney when said letter was not personally reviewed by an attorney.

17.   That upon information and belief neither defendant nor any attorney admitted to practice law reviewed the plaintiff's alleged delinquent account prior to sending of the initial communication to the plaintiff or at any time.

18.   Upon information and belief no attorney associated with the defendant reviewed the plaintiff's account prior to the sending of the initial letter to the plaintiff.

19.   Said letter states in part: "**It is important that you respond to this office after your receipt of this letter to discuss a resolution of this matter.  Your failure to contact this office will be considered by us as your refusal to pay this account voluntarily, and we will have no choice but to advise your client accordingly.**"

20.   Said language, under an attorney's letter, implies that there will be actions taken against the plaintiff in order to compel the plaintiff to pay in a non-voluntary fashion.

21.   At the time of the sending of the February 22, 2010 letter, the defendant did not have authorization from the underlying creditor to engage in any actions against the plaintiff

to compel payment in a non-voluntary fashion.

22.    Upon information and belief, the defendant does not file suit or cause suits to be filed against consumers within the State or City of New York.

23.    Said language is a false threat against the plaintiff.

24.    The defendant and his firm are not licensed to collect debts within the City of New York.

25.    Said language contains deceptive representations as the defendant does not have the ability to collect debts within the City of New York.

26.    Defendant is considered an attorney covered by the regulations of the New York City Department of Consumer Affairs.

27.    Said regulations are set forth as follows:

Section 20-490 of the New York City Administrative Code ("N.Y.C.Admin.Code"). This provision states:

*5 It shall be unlawful for any person to act as a debt collection agency without first having obtained a license in accordance with the provisions of this subchapter, and without first being in compliance with all other applicable law, rules and regulations.

N.Y.C. Admin. Code § 20-490. Further, Section 20-494 provides that:

a. Any person who, after notice and hearing shall be found guilty of violating any provision of this subchapter, shall be punished in accordance with the provisions of chapter one of this title and shall be subject to a penalty of not less than seven hundred dollars nor more than one thousand dollars for each violation....

N.Y.C. Admin. Code § 20-494.

28.    Acting as a collection agency, the defendant must be licensed with the Department of    Consumer Affairs so that its collection attempts into the City of New York can be monitored like any other collection agency.

29.    Said failure to have a license is a violation of the FDCPA.

-4-

30. The defendant has further deceived the plaintiff by referring to the defendant's website which states as follows on the home page: "It is our policy and goal to practice our profession effectively while maintaining full compliance with all applicable laws and regulations (Fair Debt Collection Practices Act, Florida Consumer Credit Practices Act, etc.) as well as the ethical standards of conduct as set by the Florida Bar.

31. Clearly defendant has deceived consumers.

32. The said letter also states in part: "As of the date of this letter, because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment in which event we will inform you before processing your payment. For further information you may write to us or call 1-800-858-8736.

33. The said letter also states Remaining Placement Amt: $860.00 Interest Claimed Due: $0.00. Current Balance: $860.00.

34. Paragraphs 29 and 30 contain inconsistent statements whereby the least sophisticated consumer will be confused as to whether there will be additional interest due on the account or not.

35. Upon information and belief, defendant Scherr is the principal attorney of his law firm.

36.    Upon information and belief, defendant Scherr is actively involved in the firm's practice of law and is the main decision maker concerning collection policies, drafting of collection letters and attempts to comply with various laws governing collection of consumer debts.

37.    Upon information and belief, Scherr has chosen to remain unlicensed with the New York City Department of Consumer Affairs since the failure to be licensed was brought to his attention previously the *Rhodes* matter also filed in the Eastern District of New York.

38.    The defendant is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(10) and 1692(f) for engaging in deceptive, illegal and unfair practices.


## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

39.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-35 as if set forth fully in this cause of action.

40.    This cause of action is brought on behalf of plaintiff and the members of a class.

41.    The Class consists of consumers who received the same form letter, as did the plaintiff.

42.    The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about February 22, 2010 (b) the collection letter was sent to a consumer seeking payment of an alleged debt

purportedly owed to American Express Bank FSB; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(5), 1692e(10) and 1692g by engaging in false threats, deceptive practices and failure to provide the mandatory dispute rights.

43.     A sub-class exists for those class members who are residents of New York City.

44.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

45.     A class action is superior for the fair and efficient adjudication of the class

members' claims. Congress specifically envisions class actions as a principal means of

enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by individual members of the classes would

create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of

judicial economy.

46.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class

pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47.     Collection letters, such as those sent by the defendant are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

48.     The defendant's actions as set forth above in the within complaint violates the

Fair Debt Collection Practices Act.

49.     Because the defendant violated of the Fair Debt Collection Practices Act, the

plaintiff and the members of the class are entitled to damages in accordance with the

Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf

of the members of the class, and against the defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

-8-

(b)     Attorney fees, litigation expenses and costs incurred in bringing this

action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
       April 23, 2010

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-9-

# LAW OFFICES OF HAROLD E. SCHERR, P.A.
## ATTORNEYS AT LAW

1064 GREENWOOD BLVD, SUITE 328
LAKE MARY, FLORIDA 32746
WWW.SCHERRLAW.COM

HAROLD E. SCHERR*
ARTHUR C. NILSEN**
ALEX MCCLURE***

FEBRUARY 22ND, 2010

PHONE:(407) 995-3000
TELFAX:(407) 995-3100
TOLLFREE:(800) 858-8736

J KLEIN
4104 14TH AVE
BROOKLYN NY 11219-1401                    8

RE:   Original Creditor :        AMERICAN EXPRESS BANK FSB
      Remaining Placement Amt: $860.00
      Interest Claimed Due :    $0.00
      Current Balance :         $860.00
      Our Account Number :      ▬▬▬▬▬▬▬
      Original Account Number:  ▬▬▬▬▬▬▬

Dear J KLEIN:

As we have previously advised, this office represents CACH, LLC, the current owner of your above-named account. You have either failed to make contact or have failed to make full payment on this account. You have ignored this matter and have apparently decided not to make this situation a priority.

It is important that you respond to this office after your receipt of this letter to discuss a resolution of this matter. Your failure to contact this office will be considered by us as your refusal to pay this account voluntarily, and we will have no choice but to advise our client accordingly.

As of the date of this letter, because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment in which event we will inform you before processing your payment. For futher information you may write to us or call 1-800-858-8736 .

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

### THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

### THIS IS A COMMUNICATION FROM A DEBT COLLECTOR

Sincerely,

Harold E. Scherr.

*IF YOU WOULD LIKE FURTHER INFORMATION OR TO MAKE A PAYMENT ONLINE PLEASE VISIT WWW.SCHERRLAW.COM*

*ADMITTED IN FL AND GA          **ADMITTED IN GA AND AL                    ***ADMITTED IN FL

TAMPA                           LAKE MARY                                 ATLANTA